# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **MICHAEL PETIT, KRISTINA PETIT, GAYLE MARIE PETIT, and EDWARD J. PETIT,** : | CIVIL ACTION NO. 1:18-CV-187 |
| : | (Chief Judge Conner) |
| **Plaintiffs** : | |
| v. : | |
| **PENSKE TRUCK LEASING CORPORATION**, *et al.*, : | |
| **Defendants** : | |

## MEMORANDUM

Plaintiffs filed the instant action alleging that defendants' negligence caused a series of multi-vehicle accidents that resulted in significant injuries. Defendant U.S. Xpress, Inc. ("U.S. Xpress") and defendant Daimler Trust ("Daimler") (collectively, the "moving defendants") each move to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). We will grant the motions.

## I.  Factual Background & Procedural History

This action arises out of a series of multi-vehicle accidents that occurred on February 13, 2016, on the westbound lanes of Interstate 78 ("I-78") in Lebanon County, Pennsylvania due to reduced visibility and adverse road conditions.[1] (See Doc. 1 ¶¶ 71, 73, 76). Plaintiff Michael Petit ("Michael Petit") was driving westbound on I-78 with plaintiff Gayle Marie Petit ("Gayle Petit") and plaintiff Edward J. Petit

---

[1] In their complaint, plaintiffs do not explicitly describe the relevant weather conditions on February 13, 2016. (See Doc. 1). For helpful context, we note that a plaintiff in a related federal case before this court alleges the existence of "windy and snowy" conditions on the day of the accident. New Prime, Inc. v. Transervice Logistics, Inc., No. 1:18-CV-226, Doc. 8 ¶ 51 (M.D. Pa. Feb. 12, 2018).

("Edward Petit") as passengers. (Id. ¶ 71). Observing stopped traffic ahead, Michael Petit also stopped his vehicle. (Id. ¶ 73). Defendant Danny Fantom ("Fantom") was also driving in the left westbound lane of I-78 in a tractor-trailer owned by Fantom's employer, defendant Old Dominion Freight Line, Inc. (Id. ¶¶ 19, 21, 74). As he attempted to slow down, Fantom allegedly lost control of his tractor-trailer, which then struck the Petits' vehicle and multiple others. (Id. ¶ 75). Following this initial collision with Fantom's tractor-trailer, several subsequent collisions occurred, causing additional harm to Michael, Gayle, and Edward Petit. (Id. ¶ 76). As a result of these collisions, Michael, Gayle, and Edward Petit each suffered significant physical injuries. (Id. ¶¶ 76, 80, 86, 91).

At all times relevant, defendant Clarence Herman ("Herman") operated a tractor-trailer as an employee of defendant Total Transportation of Mississippi LLC ("Total Transportation"). (Id. ¶¶ 61-62; see also Doc. 95 ¶¶ 52, 61-62). Plaintiffs allege that each of three defendants—Total Transportation, U.S. Xpress, and Daimler—was "the titled owner, registered owner, lessee, and/or lessor" of the tractor-trailer driven by Herman. (Doc. 1 ¶¶ 53, 56, 59). There are no specific allegations in the amended complaint regarding what role Herman's tractor-trailer played in the chain-reaction accident on February 13, 2016. (See id. ¶¶ 71-78).

Plaintiffs commenced this action alleging claims of negligence and loss of consortium against 23 defendants under Pennsylvania law. Specifically, Michael, Gayle, and Edward Petit each assert a claim of negligence against all defendants. Plaintiff Kristina Petit ("Kristina Petit"), as Michael Petit's wife, brings a claim for loss of consortium against all defendants. U.S. Xpress and Daimler each move to

2

dismiss the negligence and loss of consortium claims concerning their alleged role in the multi-vehicle accident under Federal Rule of Civil Procedure 12(b)(6). The motions are fully briefed and ripe for disposition.

## II. Legal Standard

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for the dismissal of complaints that fail to state a claim upon which relief may be granted. FED. R. CIV. P. 12(b)(6). When ruling on a motion to dismiss under Rule 12(b)(6), the court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008) (quoting Pinker v. Roche Holdings, Ltd., 292 F.3d 361, 374 n.7 (3d Cir. 2002)). In addition to reviewing the facts contained in the complaint, the court may also consider "exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents" attached to a defendant's motion to dismiss if the plaintiff's claims are based upon these documents. Mayer v. Belichick, 605 F.3d 223, 230 (3d Cir. 2010) (citing Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993)).

Federal notice and pleading rules require the complaint to provide "the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Phillips, 515 F.3d at 232 (alteration in original) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). To test the sufficiency of the complaint, the court conducts a three-step inquiry. See Santiago v. Warminster Township, 629 F.3d 121, 130-31

3

(3d Cir. 2010). In the first step, "the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.'" Id. at 130 (alteration in original) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 675 (2009)). Next, the factual and legal elements of a claim must be separated; well-pleaded facts are accepted as true, while mere legal conclusions may be disregarded. Id. at 131-32; see Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009). Once the court isolates the well-pleaded factual allegations, it must determine whether they are sufficient to show a "plausible claim for relief." Iqbal, 556 U.S. at 679 (citing Twombly, 550 U.S. at 556); Twombly, 550 U.S. at 556. A claim is facially plausible when the plaintiff pleads facts "that allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.

### III. Discussion

To state a claim for negligence under Pennsylvania law, a plaintiff must plead: "(1) a duty of care; (2) [a] breach of the duty; (3) a causal connection between the conduct and the resulting injury; and (4) actual loss or damage resulting to the plaintiff." Farabaugh v. Pa. Tpk. Comm'n, 911 A.2d 1264, 1272-73 (Pa. 2006); see also Berrier v. Simplicity Mfg., Inc., 563 F.3d 38, 61 (3d Cir. 2009). Loss of consortium is an independent cause of action for "loss of services, society, and conjugal affection of one's spouse." Shuker v. Smith & Nephew, PLC, 885 F.3d 760, 777 (3d Cir. 2018) (quoting Darr Const. Co. v. W.C.A.B. (Walker), 715 A.2d 1075, 1080 (Pa. 1998)). It is derivative of the injured spouse's tort claim. Id. The moving defendants contend that the complaint improperly names them as owners of the

4

tractor-trailer driven by Herman. They also argue that no employment or agency relationship exists between Herman and either U.S. Xpress or Daimler.

Assuming *arguendo* that the moving defendants are owners, lessees, or lessors of the tractor-trailer driven by Herman, plaintiffs fail to state a plausible claim of negligence against them. The complaint is devoid of any factual allegations as to whether or the manner in which Herman's tractor-trailer interacted with the Petits' vehicle. Plaintiffs merely assert that, after Fantom's tractor-trailer struck their vehicle, "multiple collisions occurred on or around the location of plaintiff[s'] vehicle" and that "all defendants named herein contributed to the happening of the accident by negligent and careless driving." (Doc. 1 ¶¶ 76-77). Plaintiffs provide insufficient detail from which the court could plausibly infer that Herman's conduct was a "substantial factor" in the causal chain resulting in their injuries, and that U.S. Xpress and Daimler are therefore directly or vicariously liable. Taken as true, Michael, Gayle, and Edward's factual allegations fail to state a claim for negligence. Because the underlying tort claim against the moving defendants is deficient, Kristina Petit's loss of consortium claim against the moving defendants must also be dismissed. See Shuker, 885 F.3d at 777.

Courts should grant leave to amend before dismissing a curable pleading in civil rights actions. See Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc., 482 F.3d 247, 251 (3d Cir. 2007); Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002). Courts need not grant leave to amend *sua sponte* in dismissing non-civil rights claims pursuant to Rule 12(b)(6), Fletcher-Harlee Corp., 482 F.3d at 252-53, but leave is broadly encouraged "when justice so requires," FED. R. CIV.

P. 15(a)(2). Based on the court's understanding of the nature and circumstances of the events of February 13, 2016, it is likely that plaintiffs possess and can present additional factual material with respect to their claims against the moving and other defendants. In the interest of justice, we will grant plaintiffs leave to amend their complaint.

## IV. Conclusion

The court will grant the moving defendants' motions (Docs. 104, 107) to dismiss. An appropriate order shall issue.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania

Dated:   December 3, 2018