# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **MICHAEL PETIT, KRISTINA PETIT, GAYLE MARIE PETIT, and EDWARD J. PETIT,** : | CIVIL ACTION NO. 1:18-CV-187 |
| : | (Chief Judge Conner) |
| Plaintiffs : | |
| : | |
| v. : | |
| : | |
| **PENSKE TRUCK LEASING CORPORATION**, *et al.*, : | |
| : | |
| Defendants : | |

## MEMORANDUM

Plaintiffs filed the instant action alleging that defendants' negligence caused a series of multi-vehicle accidents that resulted in significant injuries. Defendants New Prime, Inc. ("New Prime") and Kristyn Mitchell ("Mitchell") (collectively, the "New Prime defendants") move to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). We will grant the motion.

I.  **Factual Background & Procedural History**

This action arises out of a series of multi-vehicle accidents that occurred on February 13, 2016, on the westbound lanes of Interstate 78 ("I-78") in Lebanon County, Pennsylvania due to reduced visibility and adverse road conditions.[1] (See Doc. 1 ¶¶ 71, 73, 76). Plaintiff Michael Petit ("Michael Petit") was driving westbound on I-78 with plaintiff Gayle Marie Petit ("Gayle Petit") and plaintiff Edward J. Petit

---

[1] In their complaint, plaintiffs do not explicitly describe the relevant weather conditions on February 13, 2016. (See Doc. 1). For helpful context, we note that a plaintiff in a related federal case before this court alleges the existence of "windy and snowy" conditions on the day of the accident. New Prime, Inc. v. Transervice Logistics, Inc., No. 1:18-CV-226, Doc. 8 ¶ 51 (M.D. Pa. Feb. 12, 2018).

("Edward Petit") as passengers. (Id. ¶ 71). Observing stopped traffic ahead, Michael Petit also stopped his vehicle. (Id. ¶ 73). Defendant Danny Fantom ("Fantom") was also driving in the left westbound lane of I-78 in a tractor-trailer owned by Fantom's employer, defendant Old Dominion Freight Line, Inc. (Id. ¶¶ 19, 21, 74). As he attempted to slow down, Fantom allegedly lost control of his tractor-trailer, which then struck the Petits' vehicle and multiple others. (Id. ¶ 75). Following this initial collision with Fantom's tractor-trailer, several subsequent collisions occurred, causing additional harm to Michael, Gayle, and Edward Petit. (Id. ¶ 76). As a result of these collisions, Michael, Gayle, and Edward Petit each suffered significant physical injuries. (Id. ¶¶ 76, 80, 86, 91).

At all times relevant, Mitchell was driving a tractor-trailer owned by New Prime. (Id. ¶¶ 49-50). There are no specific allegations in the amended complaint regarding what role Mitchell's tractor-trailer played in the chain-reaction accident on February 13, 2016. (See id. ¶¶ 71-78).

Plaintiffs commenced this action alleging claims of negligence and loss of consortium against 23 defendants under Pennsylvania law. Specifically, Michael, Gayle, and Edward Petit each assert a claim of negligence against all defendants. Plaintiff Kristina Petit ("Kristina Petit"), as Michael Petit's wife, asserts a claim for loss of consortium against all defendants. New Prime and Mitchell move together to dismiss the negligence and loss of consortium claims against them under Federal Rule of Civil Procedure 12(b)(6). The motion is fully briefed and ripe for disposition.

2

**II.   Legal Standard**

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for the dismissal of complaints that fail to state a claim upon which relief may be granted. FED. R. CIV. P. 12(b)(6).  When ruling on a motion to dismiss under Rule 12(b)(6), the court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief."  Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008) (quoting Pinker v. Roche Holdings, Ltd., 292 F.3d 361, 374 n.7 (3d Cir. 2002)).

Federal notice and pleading rules require the complaint to provide "the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Phillips, 515 F.3d at 232 (alteration in original) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  To test the sufficiency of the complaint, the court conducts a three-step inquiry.  See Santiago v. Warminster Township, 629 F.3d 121, 130-31 (3d Cir. 2010).  In the first step, "the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.'"  Id. at 130 (alteration in original) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 675 (2009)).  Next, the factual and legal elements of a claim must be separated; well-pleaded facts are accepted as true, while mere legal conclusions may be disregarded.  Id. at 131-32; see Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009).  Once the court isolates the well-pleaded factual allegations, it must determine whether they are sufficient to show a "plausible claim for relief."  Iqbal, 556 U.S. at 679 (citing Twombly, 550 U.S. at 556); Twombly, 550 U.S. at 556.  A claim is facially plausible when the plaintiff pleads facts "that allow[]

3

the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.

**III. Discussion**

To state a claim for negligence under Pennsylvania law, a plaintiff must plead: "(1) a duty of care; (2) [a] breach of the duty; (3) a causal connection between the conduct and the resulting injury; and (4) actual loss or damage resulting to the plaintiff."[2] Farabaugh v. Pa. Tpk. Comm'n, 911 A.2d 1264, 1272-73 (Pa. 2006); see also Berrier v. Simplicity Mfg., Inc., 563 F.3d 38, 61 (3d Cir. 2009). As to the causation element, a plaintiff must allege that the breach of a defendant's duty was the actual and proximate cause of the claimed injuries. McCullough v. Peeples, No. 3:14-CV-123, 2015 WL 1000223, at *3 (W.D. Pa. Mar. 5, 2015) (citing Summers v. Giant Food Stores, Inc., 743 A.2d 498, 509 (Pa. Super. Ct. 1999)).

Actual or "but for" cause exists when "the alleged injury would not have occurred but for a certain act or presence of a condition." Id. (internal quotation marks and citations omitted). Actual causation is a "de minimis standard of causation," requiring a plaintiff to identify only a "remote and insignificant force" as the cause of an event. Gen. Refractories Co. v. First State Ins. Co., 855 F.3d 152, 161 (3d Cir. 2017) (quoting Takach v. B. M. Root Co., 420 A.2d 1084, 1086 (Pa. Super. Ct. 1980)). Proximate cause exists when the defendant's wrongful actions were a "substantial factor" in causing the plaintiff's harm. Rost v. Ford Motor Co., 151

---

[2] Loss of consortium is an independent cause of action for "loss of services, society, and conjugal affection of one's spouse." Shuker v. Smith & Nephew, PLC, 885 F.3d 760, 777 (3d Cir. 2018) (quoting Darr Const. Co. v. W.C.A.B. (Walker), 715 A.2d 1075, 1080 (Pa. 1998)). It is derivative of the injured spouse's tort claim. Id.

4

A.3d 1032, 1049 (Pa. 2016). A plaintiff has not adequately pled proximate cause if "the casual chain of events resulting in plaintiff's injury is so remote as to appear highly extraordinary that the conduct could have brought about the harm." McCullough, 2015 WL 1000223, at *3 (quoting Dudley v. USX Corp., 606 A.2d 916, 923 (Pa. Super. Ct. 1992)). The New Prime defendants challenge the sufficiency of the complaint only as to the proximate cause element.

The complaint is devoid of any factual allegations as to whether, or the manner in which, the New Prime defendants' tractor-trailer interacted with the Petits' vehicle. Plaintiffs merely assert that, after Fantom's tractor-trailer struck their vehicle, "multiple collisions occurred on or around the location of plaintiff[s'] vehicle" and that "all defendants named herein contributed to the happening of the accident by negligent and careless driving." (Doc. 1 ¶¶ 76-77). Plaintiffs provide insufficient detail from which the court could plausibly infer that the New Prime defendants' conduct was a "substantial factor" in the causal chain resulting in their injuries. Taken as true, Michael, Gayle, and Edward's factual allegations fail to state a claim for negligence. Because the underlying tort claim against the New Prime defendants is deficient, Kristina Petit's loss of consortium claim against the New Prime defendants must also be dismissed. See Shuker, 885 F.3d at 777.

Courts should grant leave to amend before dismissing a curable pleading in civil rights actions. See Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc., 482 F.3d 247, 251 (3d Cir. 2007); Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002). Courts need not grant leave to amend *sua sponte* in dismissing non-civil rights claims pursuant to Rule 12(b)(6), Fletcher-Harlee Corp., 482 F.3d

5

at 252-53, but leave is broadly encouraged "when justice so requires," FED. R. CIV. P. 15(a)(2).  Based on the court's understanding of the nature and circumstances of the events of February 13, 2016, it is likely that plaintiffs possess and can present additional factual material with respect to their claims against the New Prime and other defendants.  In the interest of justice, we will grant plaintiffs leave to amend their complaint.

## IV. <u>Conclusion</u>

The court will grant the New Prime defendants' motion (Doc. 73) to dismiss. An appropriate order shall issue.

    /S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania

Dated:   December 3, 2018