# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **MICHAEL PETIT**, *et al.*, | : CIVIL ACTION NO. 1:18-CV-187 |
| Plaintiffs | : |
| | : (Chief Judge Conner) |
| v. | : |
| | : |
| **PENSKE TRUCK LEASING CORPORATION**, *et al.*, | : |
| | : |
| Defendants | : |

## MEMORANDUM

Plaintiffs filed the instant action alleging that defendants' negligence caused a series of multi-vehicle accidents that resulted in significant injuries. Defendants U.S. Xpress, Inc. ("U.S. Xpress"), and Daimler Trust ("Daimler") (collectively, the "moving defendants") each move to dismiss the amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (Docs. 148, 153). We will deny the motions.

## I. Factual Background & Procedural History

This action arises out of a series of multi-vehicle accidents that occurred on February 13, 2016, on the westbound lanes of Interstate 78 ("I-78") in Lebanon County, Pennsylvania due to "reduced visibility and adverse road conditions."[1] (See Doc. 140 ¶¶ 70-71, 73, 76, 80-81). Several initial collisions caused a complete

---

[1] In their amended complaint, plaintiffs do not explicitly describe the relevant weather conditions on February 13, 2016. (See Doc. 140). For helpful context, we note that a plaintiff in a related federal case before this court alleges the existence of "windy and snowy" conditions on the day of the accident. New Prime, Inc. v. Transervice Logistics, Inc., No. 1:18-CV-226, Doc. 8 ¶ 51 (M.D. Pa. Feb. 12, 2018).

blockage of the I-78 westbound lanes. (See id. ¶¶ 73-77). A tractor-trailer driven by defendant Kristyn Mitchell ("Mitchell") was "lying on its side blocking the only available lane of travel." (Id. ¶¶ 47, 73-74). Another tractor-trailer operated by defendant Clarence Herman ("Herman") crashed into Mitchell's tractor-trailer, further blocking the westbound lanes. (Id. ¶¶ 59, 75-76). Herman allegedly operated the tractor-trailer as an employee or agent of defendants Total Transportation of Mississippi LLC ("Total Transportation"), U.S. Xpress, and Daimler. (Id. ¶ 60). Plaintiffs allege that each of these three defendants—Total Transportation, U.S. Xpress, and Daimler—was "the titled owner, registered owner, lessee, and/or lessor" of the tractor-trailer driven by Herman. (Id. ¶¶ 52, 55, 58, 61).

Plaintiff Michael Petit ("Michael Petit") was driving westbound on I-78 with plaintiffs Gayle Marie Petit ("Gayle Petit") and Edward J. Petit ("Edward Petit") as passengers. (Id. ¶ 70). Observing halted traffic ahead, Michael Petit stopped his vehicle but was trapped between the tractor-trailers operated by Mitchell and Herman, respectively. (Id. ¶¶ 72, 77). Defendant Danny Fantom ("Fantom") was also driving a tractor-trailer in the left westbound lane of I-78. (Id. ¶ 79). As he attempted to slow down, Fantom allegedly lost control of his tractor-trailer, which then struck the Petits' vehicle and multiple others. (Id. ¶ 80). Several subsequent collisions occurred, causing additional harm to Michael, Gayle, and Edward Petit. (Id. ¶ 81). As a result of these collisions, Michael, Gayle, and Edward Petit each suffered significant physical injuries. (Id. ¶¶ 85, 91, 96).

Plaintiffs commenced this action alleging claims of negligence and loss of consortium against 23 defendants under Pennsylvania law. Specifically, Michael,

2

Gayle, and Edward Petit each assert a claim of negligence against all defendants. Plaintiff Kristina Petit ("Kristina Petit"), as Michael Petit's wife, brings a claim for loss of consortium against all defendants. U.S. Xpress and Daimler move to dismiss the negligence and loss of consortium claims concerning their alleged roles in the multi-vehicle accident under Federal Rule of Civil Procedure 12(b)(6). The motions are fully briefed and ripe for disposition.

## II. <u>Legal Standard</u>

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for the dismissal of complaints that fail to state a claim upon which relief may be granted. FED. R. CIV. P. 12(b)(6). When ruling on a motion to dismiss under Rule 12(b)(6), the court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." <u>Phillips v. County of Allegheny</u>, 515 F.3d 224, 233 (3d Cir. 2008) (quoting <u>Pinker v. Roche Holdings, Ltd.</u>, 292 F.3d 361, 374 n.7 (3d Cir. 2002)). In addition to reviewing the facts contained in the complaint, the court may also consider "exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents" attached to a defendant's motion to dismiss if the plaintiff's claims are based upon these documents. <u>Mayer v. Belichick</u>, 605 F.3d 223, 230 (3d Cir. 2010) (citing <u>Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.</u>, 998 F.2d 1192, 1196 (3d Cir. 1993)).

Federal notice and pleading rules require the complaint to provide "the defendant fair notice of what the . . . claim is and the grounds upon which it rests."

Phillips, 515 F.3d at 232 (alteration in original) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  To test the sufficiency of the complaint, the court conducts a three-step inquiry.  See Santiago v. Warminster Township, 629 F.3d 121, 130-31 (3d Cir. 2010).  In the first step, "the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.'"  Id. at 130 (alteration in original) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 675 (2009)).  Next, the factual and legal elements of a claim must be separated; well-pleaded facts are accepted as true, while mere legal conclusions may be disregarded.  Id. at 131-32; see Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009).  Once the court isolates the well-pleaded factual allegations, it must determine whether they are sufficient to show a "plausible claim for relief."  Iqbal, 556 U.S. at 679 (citing Twombly, 550 U.S. at 556); Twombly, 550 U.S. at 556.  A claim is facially plausible when the plaintiff pleads facts "that allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S. at 678.

### III. Discussion

To state a claim for negligence under Pennsylvania law, a plaintiff must plead: "(1) a duty of care; (2) [a] breach of the duty; (3) a causal connection between the conduct and the resulting injury; and (4) actual loss or damage resulting to the plaintiff."  Farabaugh v. Pa. Tpk. Comm'n, 911 A.2d 1264, 1272-73 (Pa. 2006) (citation omitted); see Berrier v. Simplicity Mfg., Inc., 563 F.3d 38, 61 (3d Cir. 2009) (quoting Phillips v. Cricket Lighters, 841 A.2d 1000, 1008 (Pa. 2003)).  Loss of consortium is an independent cause of action for "loss of services, society, and conjugal affection of one's spouse."  Shuker v. Smith & Nephew, PLC, 885 F.3d 760,

4

777 (3d Cir. 2018) (quoting Darr Constr. Co. v. W.C.A.B. (Walker), 715 A.2d 1075, 1080 (Pa. 1998)). It is derivative of the injured spouse's tort claim. Id. The moving defendants contend that the complaint improperly names them as owners of the tractor-trailer driven by Herman. They also argue that no employment or agency relationship exists between Herman and either U.S. Xpress or Daimler.

The amended complaint adequately sets forth negligence claims against the moving defendants. It is axiomatic that, as a motorist, Herman owed Michael, Gayle, and Edward Petit a duty of reasonable care. See Sellers v. Township of Abington, 67 A.3d 863, 874-75 (Pa. Cmmw. Ct. 2013) (citing Lewis v. Wood, 93 A. 605, 606 (Pa. 1915)). Herman allegedly acted negligently by operating the tractor-trailer in a careless manner without regard to weather and road conditions by, *inter alia*, traveling at unsafe speeds, failing to maintain "a proper and adequate lookout," and failing to "break and timely stop" his tractor-trailer. (Doc. 140 ¶¶ 76, 83(a)-(k)). As purported owners, lessees, or lessors of that tractor-trailer, the moving defendants may be responsible for Herman's negligence. (See id. ¶¶ 50-61). Plaintiffs also allege that the moving defendants acted negligently independent of Herman's conduct by failing to (1) create and enforce policies for safe operation of the tractor-trailer, (2) hire a qualified commercial driver, and (3) properly inspect and maintain the tractor-trailer. (See id. ¶ 83(l)-(n)). According to the amended complaint, this confluence of negligent behavior caused the Petits' vehicle to be trapped between two tractor-trailers rendering it susceptible to the subsequent rear-end collisions that caused plaintiffs' injuries. (Id. ¶¶ 77-78; see id. ¶¶ 80-81).

5

The moving defendants provide affidavits supporting their claimed lack of ownership interest in the tractor-trailer and the absence of any employment or agency relationship with Herman. (See Doc. 148-2 ¶¶ 3-5, 9-10; Doc. 153-2 ¶¶ 6-7, 9-10). U.S. Xpress submits a registration document for the at-issue tractor-trailer purporting to set forth which companies own and operate the tractor-trailer, (Doc. 148-2 at 5), and Daimler attaches a lease agreement showing the purported scope of its relationship to the at-issue tractor-trailer, (Doc. 153-2 at 3-6). Consideration of these documents is inappropriate at the Rule 12(b)(6) stage because plaintiffs did not attach the documents to their amended complaint, nor is there any indication therein that plaintiffs' claims are based upon these documents. See Mayer, 605 F.3d at 230.

The moving defendants proffer as dispositive Total Transportation's answer to the amended complaint. The moving defendants correctly note that Total Transportation admits to leasing and operating the at-issue tractor trailer and that Herman operated same "within the course and scope of his employment with [Total Transportation]." (Doc. 140 ¶¶ 52, 61; Doc. 141 ¶¶ 52, 61). However, Total Transportation specifically denies being the titled owner of the tractor-trailer. (Doc. 140 ¶ 52; Doc. 141 ¶ 52). Taken as true, plaintiffs' factual allegations plausibly identify the moving defendants as possible owners, lessees, or lessors of the tractor-trailer driven by Herman.

Daimler also contends that the Graves Amendment forecloses plaintiffs' claims against it. (Doc. 154 at 8-9). The Graves Amendment precludes imposition of liability on a company "engaged in the trade or business of renting or leasing motor

vehicles" based *solely* on the company's ownership interest in the at-issue vehicle. 49 U.S.C. § 30106(a). The statute does not protect entities accused of negligence or criminal wrongdoing. Id. § 30106(a)(2). Plaintiffs allege that Daimler, as a purported owner, lessee, or lessor of the tractor-trailer driven by Herman, acted negligently independent of Herman's conduct by failing to (1) create and enforce policies for safe operation of the tractor-trailer, (2) hire a qualified commercial driver, and (3) properly inspect and maintain said tractor-trailer. (See Doc. 140 ¶¶ 83(l)-(n)). And plaintiffs also ascribe responsibility to Daimler for Herman's negligence on an agency theory of liability. (See id. ¶¶ 50-61). At this juncture, we cannot conclude that the Graves Amendment shields Daimler from suit.

## IV. Conclusion

The court will deny the moving defendants' motions (Docs. 148, 153) to dismiss. An appropriate order shall issue.

        /S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania

Dated:    April 11, 2019